Richard Morin (SBN 285275)
Bryce Fick (SBN 322951)
Law Office of Rick Morin, PC
555 Capitol Mall Suite 750
Sacramento, CA 95814-4508
Phone: (916) 333-2222
Email: legal@rickmorin.net

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| Aiden Laursen, | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | |
| Cava Mezze Grill, LLC, | |
| Defendant. | |

Plaintiff Aiden Laursen ("Plaintiff") alleges:

1. Plaintiff is a natural person who resides in Yolo County, California. Plaintiff was formerly known as Kaleigh, having legally changed his name on November 9, 2021.

2. Cava Mezze Grill, LLC ("Defendant") is a Maryland limited liability company with its principal place of business at 702 H Street NW, Second Floor, Washington, DC, 20001 that was doing business within the State of California.

3. Defendant caused Plaintiff to be subjected to the unlawful practices, wrongs, complaints, injuries, violations of the applicable wage order, damages, and/or other violations alleged in this complaint.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4) for violations of Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq.

5. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, Plaintiff also brings attendant

and related causes of action that are so related to claims in the action within such original jurisdiction of the court that they form part of the same case or controversy.

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that Plaintiff's employment was performed in this district and Plaintiff's causes of action arose in this district.

## GENERAL ALLEGATIONS

7. Defendant has employed Plaintiff since April 2021.

8. Plaintiff's agreed upon regular wage is $19.23 per hour.

9. Defendant employs Plaintiff as customer service representative and a permanent full-time remote employee.

10. Defendant has failed to pay Plaintiff all his wages owed by a particular pay date for the applicable pay period that Plaintiff performed labor for Defendant.

11. Defendant's scheduling and metrics for Plaintiff prevents Plaintiff from taking rest and meal breaks. As a result, Plaintiff has never, or nearly never, had an opportunity to take rest and meal break while working for Defendant.

12. Defendant scheduled Plaintiff for two 10-hour shifts per week for multiple weeks, but did not pay Plaintiff 1.5 times his normal rate for each additional hour over 8 hours per day.

13. Defendant and Plaintiff had an employment agreement.

14. Defendant is to provide Plaintiff with paid-time-off (PTO) hours upon request and approval by Defendant, which will be paid to Plaintiff at Plaintiff's regular wage rate at the pay date for the applicable pay period.

15. In December, Plaintiff requested, and Defendant approved 32 hours of PTO.

16. Defendant, however, failed to pay Plaintiff those hours by Plaintiff's next pay date, thereby failing to pay Plaintiff for all wages due.

17. Among the relevant provisions, possibly implied-by-fact, of the employment agreement, was that if Plaintiff requested paid time off and Defendant approved that paid time off, Defendant would pay Plaintiff for the approved number of hours by the pay date for the pay period that Plaintiff took the time off.

18. Defendant's failure to pay Plaintiff for the approved paid-time-off was a material breach that harmed Plaintiff.

19. Defendant required Plaintiff to use his internet for the benefit of Defendant.

20. Plaintiff incurred expenses related to the use of his personal internet in the discharge of his duties and at the direction of Defendant.

21. Defendant failed to reimburse or otherwise indemnify Plaintiff for these expenses.

22. On wage statements that Defendant furnished to Plaintiff, a reasonable person could not readily ascertain from the wage statements furnished to Plaintiff all the information legally required, including the number of overtime hours worked by Plaintiff and the number of PTO hours (which are wages) Defendant approved for Plaintiff and was to pay in a particular pay period.

23. Industrial Welfare Commission, Wage Order No. 5 applies to Plaintiff's employment with Defendant.

## FIRST CAUSE OF ACTION

Failure to Pay Minimum Wages

Fair Labor Standards Act 29 § USC 206

24. Plaintiff incorporates all previous paragraphs as if fully stated herein.

25. Defendant failed to pay Plaintiff minimum wage for all hours Plaintiff worked for Defendant.

26. Defendant's failure to pay Plaintiff by the designated pay date for hours worked in the applicable pay period resulted in Defendant failing to pay Plaintiff the minimum wage.

27. Plaintiff prays for damages, interest, penalties, liquidated damages, attorney's fees, and costs of litigation and other such relief as the court may see fit to award.

## SECOND CAUSE OF ACTION

Failure to Pay Minimum Wage

Cal. Lab. Code §§ 558.1, 204, 1194, 1194.2, 1194.3

28. Plaintiff incorporates all previous paragraphs as if fully stated herein.

29. Defendant was required by law to pay Plaintiff for all hours worked by Plaintiff by Plaintiff's designated pay date.

30. Defendant failed to pay Plaintiff for all hours Plaintiff worked for Defendant by the designated pay date for the applicable pay period when the wages were due.

31. As a result, Defendant failed to pay Plaintiff for all hours worked for those pay period(s) and failed to pay Plaintiff the minimum wage.

32. Plaintiff prays for payment of any unpaid minimum wages still outstanding, liquidated damages, interest, penalties, damages, attorney's fees, and costs and other such relief as the court may see fit to award.

### THIRD CAUSE OF ACTION

Failure to Pay Overtime

Cal. Lab. Code §§ 510, 1194 or 1454

33. Plaintiff incorporates all previous paragraphs as if fully stated herein.

34. Under California law, Defendant was required to compensate Plaintiff one and one half times Plaintiff's regular rate of pay or one and one half times the minimum wage, whichever is higher, for all hours worked in excess of eight hours per day and/or forty hours per week, and two times Plaintiff's regular rate or two times the minimum wage, whichever is higher, for hours worked in excess of twelve hours per day and hours worked in excess of eight hours on the seventh day of a workweek.

35. Defendant did not compensate Plaintiff for all hours worked in excess of 8 hours per day at 1.5 times Plaintiff's regular rate.

36. Plaintiff prays for payment of all wages due, all overtime pay due, interest, penalties, damages, attorney's fees, and costs and other such relief as the court may see fit to award.

### FOURTH CAUSE OF ACTION

Failure to Provide Meal Periods

Cal. Lab. Code §§ 226.7, 512

37. Plaintiff incorporates all previous paragraphs as if fully stated herein.

38. Defendant was required by law to allow Plaintiff to take a meal break each workday where Plaintiff worked more than 5 hours.

39. Defendant prevented Plaintiff from taking a meal break within the first 5 hours of Plaintiff's work day on each work day where he worked more than 5 hours.

40. Defendant did not pay Plaintiff a premium hour for each day that Defendant prevented Plaintiff from taking a meal break within the first 5 hours of Plaintiff's workday on workdays where Plaintiff worked more than 5 hours.

41. Plaintiff prays for payment of all wages/premium pay due, interest, penalties, damages, attorney's fees, and costs and other such relief as the court may see fit to award.

**FIFTH CAUSE OF ACTION**

Failure to Provide Rest Periods

Cal. Lab. Code §§ 226.7, 512

42. Plaintiff incorporates all previous paragraphs as if fully stated herein.

43. Defendant was required by law to give Plaintiff a rest break of at least 10 minutes for each of the four hours Plaintiff worked in a day.

44. Defendant prevented Plaintiff from taking a rest break of at least 10 minutes for each the four hours Plaintiff worked in a workday.

45. Defendant did not pay Plaintiff a premium hour for each day that Defendant prevented Plaintiff from taking a rest break of at least 10 minutes for each the four hours Plaintiff worked in a workday.

46. Plaintiff prays for payment of all wages/premium pay due, interest, penalties, damages, attorney's fees, and costs and other such relief as the court may see fit to award.

**SIXTH CAUSE OF ACTION**

Failure to Indemnify / Reimburse Business Expenses

Cal. Lab. Code §§ 558.1, 2802

47. Plaintiff incorporates all previous paragraphs as if fully stated herein.

48. Plaintiff incurred expenses in direct consequences of the discharge of Plaintiff's duties and/or at the direction of Defendant.

49. Defendant required Plaintiff to use Plaintiff's internet for the benefit of Defendant.

50. Use of Plaintiff's internet, and vehicle was in direct consequences of the discharge of Plaintiff's duties and at the direction of Defendant, resulting in Plaintiff incurring expenses in connection with that use.

51. Defendant did not indemnify nor otherwise reimburse Plaintiff for the expenses Plaintiff incurred.

52. Plaintiff prays for payment of all expenses/damages, interest, penalties, attorney's fees, and costs and other such relief as the court may see fit to award.

### SEVENTH CAUSE OF ACTION

Unpaid Wages

Cal. Lab. Code §§ 200, 204, 218.5, 223

53. Plaintiff incorporates all previous paragraphs as if fully stated herein.

54. Defendant failed to pay Plaintiff all wages due to Plaintiff and amounts remain outstanding and owed.

55. Plaintiff prays for damages/payment of all outstanding wages due, interest, penalties, damages, attorney's fees, and costs and other such relief as the court may see fit to award.

### SEVENTH CAUSE OF ACTION

Breach of Contract

56. Plaintiff incorporates all previous paragraphs as if fully stated herein.

57. Defendant and Plaintiff had an employment agreement.

58. Plaintiff performed or substantially performed all obligations under the agreement unless the obligation(s) was or were otherwise waived or excused.

59. Defendant materially breached the agreement.

60. Plaintiff was damaged as a result of Defendant's breach.

61. Plaintiff prays for damages, interest, penalties, damages, attorney's fees, if applicable,, and costs and other such relief as the court may see fit to award.

### NINTH CAUSE OF ACTION

Failure to Furnish Compliant Wage Statements

Cal. Lab. Code § 226

62. Plaintiff incorporates all previous paragraphs as if fully stated herein.

63. Defendant was required to furnish to Plaintiff an accurate itemized statements in writing showing (1) gross wages earned, (2) total hours worked by the employee [with some exemptions], (3)

the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

64. The wage statements furnished must allow Plaintiff to promptly and easily determine from the wage statement alone, the gross or net wages paid, total hours worked, all deductions, inclusive dates of the period for which Plaintiff was paid, the applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by Plaintiff, the name and address of Plaintiff's employer, and Plaintiff's name and only the last four digits of Plaintiff's social security number or employee identification number.

65. A reasonable person could not readily ascertain from the wage statements furnished to Plaintiff all the information legally required, including the number of overtime hours worked and the number of PTO hours (which are wages) that Defendant approved in a particular pay period.

66. Plaintiff suffered an injury as a result.

67. Defendant's failure to furnish a legally compliant wage statements was knowing and intentional.

68. Defendant is liable for their violations for $50 for the first occurrence for a $100 for each occurrence after, up to $4,000 per violation.

69. Plaintiff prays for payment of actual and/or liquidated/statutory damages, attorney's fees, and costs, and other such relief as the court may see fit to award.

**PRAYER**

Plaintiff prays for a judgment against Defendant:

a. Damages/premium pay/penalties in an amount no less than $20,000 or according to

proof;

    b.    Attorney's fees pursuant to statute(s);

    c.    Costs;

    d.    Pre-judgment interest;

    e.    Such other remedies, relief, and orders that are just and proper.

Dated: January 19, 2022                            Law Office of Rick Morin, PC

*/s/ Rick M*

By: Richard Morin
Bryce Fick
Attorneys for Plaintiff